UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH VERRIER,

       Plaintiff,

v.                                                                  Case No: 2:17-cv-204-FtM-99CM

MICHELLE RENO, ROBYNE
WEHLE and BRADLEY
ROUSKEY,

       Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff Joseph Verrier's Affidavit of Indigency (Doc. 8), construed as a Motion to Proceed *In Forma Pauperis*, and Verrier's Motion to Proceed as an Independent Case (Doc. 8).[2] The Court recommends this case be dismissed for the reasons stated herein.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## I. Background

On April 4, 2017, Verrier filed a Complaint under 42 U.S.C. § 1983 ("Section 1983") against Defendants Michelle Reno, Robyne Wehle and Bradley Rouskey (collectively, "Defendants"). Doc. 1. Before initiating this lawsuit, Verrier previously filed a similar case (the "Companion Case") against two other agents of the Florida Department of Corrections ("DOC"), which is pending before Senior United States District Judge John E. Steele. *Verrier v. Perrino*, No. 2:14-cv-744-FtM-29CM, 2016 WL 4162326, at *1 (M.D. Fla. Aug. 4, 2016). According to the facts of the Companion Case, Verrier is a Sex Offender probationer, who was convicted of child enticement in the State of Wisconsin. *Id.* The supervision of Verrier's probation was transferred to the State of Florida, and the DOC is currently supervising Verrier's probation. *Id.* Defendants are employees of the DOC, who are appointed probation supervisors of Verrier. Doc. 1 ¶ 7. Rouskey is a supervisor of Reno. *Id.* ¶ 48.

Verrier alleges the following facts in his Complaint: as conditions of his probation, Wisconsin court orders permit him both limited internet access and internet access with agents' approval. *Id.* ¶ 13. In November 2016, Wehle and Reno did not grant approval for Verrier's internet access. *Id.* ¶ 16. Wehle also ordered Verrier to disable his email accounts, including his business ones. *Id.* ¶ 21. Despite Wehle's directives, Verrier sent an email to the Florida Attorney General in December 2016, and Wehle searched Verrier's residence and vehicle in February

2017, but did not find any computer. *Id.* ¶¶ 22-23. In February 2017, Verrier asked Reno to grant him internet access, which Reno denied. *Id.* ¶ 36.

On March 8, 2017, Reno notified Verrier that he did not disable his email accounts as directed, which would be a violation of his probation condition. *Id.* ¶ 34. Reno informed Verrier that his violation was reported to the State of Wisconsin, and Verrier would not be allowed internet access for the remainder of his probation in Florida. *Id.* ¶ 24. On March 24, 2017, Reno also ordered Verrier to disable his email accounts within thirty days. *Id.* ¶ 39. In doing so, Reno showed a document Verrier signed, which allowed the State of Florida to impose any additional probation conditions on Verrier. *Id.* ¶ 42. Reno further directed Verrier to sign another document that stated, "Florida will apply the condition of no contact with any electronic devices of any kind that can access the internet or any form of social media. No access of any kind for the remainder of supervision while in Florida." *Id.* ¶ 43. In addition, Reno and Wehle imposed GPS monitoring as part of Verrier's probation condition. *Id.* ¶ 46.

Verrier argues his probation conditions restricting his internet access and electronically monitoring him violate various Florida statutes and the United States Constitution. *Id.* ¶¶ 49-68. Verrier also asserts Reno's directive to close all his email accounts was a retaliation for his filing of the Companion Case. *Id.* ¶¶ 69-72. As relief, Verrier seeks that the Court order Defendants to discontinue their GPS monitoring and lift the restriction on his internet access. *Id.* ¶¶ 73-74. Verrier

further asks the Court to issue declaratory judgment that Reno may not direct him to close his email accounts. *Id.* ¶ 75.

## II. Indigency

Verrier requests leave to proceed without prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 1915, the Court must first determine that Verrier meets the requirements of indigency and then conduct a sufficiency review of the Complaint (Doc. 1).

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Martinez*, 364 F.3d at 1307.

Here, the Affidavit shows Verrier is qualified to proceed without prepayment of costs in this matter. He is self-employed and has no income. Doc. 2 at 2. Verrier owns a vehicle worth $200 and has earned $1,000 in the past twelve months. *Id.* at 3. He makes monthly payments in the total amount of $1,000 toward his various financial obligations. *Id.* at 4.

### III. Sufficiency of the Complaint

Even assuming Verrier meets the financial criteria to proceed *in forma pauperis*, the Court must proceed to determine the sufficiency of Verrier's claims. Under Section 1915 of Title 28 of the United States Code, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Ashcroft*, 556 U.S. at 678 (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Here, the Court recommends Verrier does not state claims on which relief may be granted. Doc. 1; *see Mitchell*, 112 F.3d at 1490. Verrier attempts to re-

litigate the issues that Judge Steele found without merit in the Companion Case. In the Companion Case, Verrier first sought the return of his computer seized as evidence that he violated the rules of his supervision (Doc. 65). *Verrier v. Perrino*, No. 2:14-cv-744-FtM-29CM, at 2 (M.D. Fla. Oct. 27, 2016). Counsel for the defendants in that case stated that to allow Verrier access to his computer, the DOC needed an order from the Wisconsin courts that originally presided over his criminal cases. *Id.* Judge Steele denied Verrier's request, holding Verrier "should take steps in the state court proceedings to obtain the return of, and authorization to use, his electronic devices." *Id.* at 3.

Verrier next sought declaratory and injunctive relief allowing him access to the internet (Doc. 77). *Verrier v. Perrino*, No. 2:14-cv-744-FtM-29CM, at 3 (M.D. Fla. Nov. 22, 2016). Verrier also requested the court to enter an order directing:

> defendants not to impose rules on plaintiff which would not be imposed on similarly situated parolees sentenced in Florida. In particular, any rule stated in exhibit C1, C2 and C3 which apply to offenses having incurred after 2/9/2004. In addition, any rule of Florida requiring a Judge's order which has not been given in plaintiff's situation should also not be imposed on plaintiff.

*Id.* at 4.

Judge Steele once again denied Verrier's requests, finding he did not present "any basis to justify this Court interfering with the domestic and/or criminal state court proceedings." *Id.* at 3. Judge Steele further noted, "contrary to [Verrier's] assertions, the exhibits attached to [Verrier's] Motion indicate that restrictions may be placed on [Verrier's] computer and internet usage, and the exhibits attached to

defendants' Response show that restrictions on [Verrier's] computer and internet usage were imposed on [Verrier]." *Id.* at 4 (internal citations omitted).

Similarly, Verrier here asks this Court to interfere with state court proceedings and nullify certain of his probation conditions. Doc. 1; *see id.* Verrier admits he is under the supervision of the DOC following his conviction in the state court. Doc. 1 ¶¶ 12-13. He also concedes a Wisconsin state court order allows Verrier internet access with his supervising agents' approval, which was not given in this case. *Id.* ¶¶ 13, 16. The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine prohibits lower federal courts from "exercising appellate jurisdiction over final state-court judgments" when a party takes an appeal of an unfavorable state-court decision to a lower federal court. *See Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Accordingly, as Judge Steele held, to the extent Verrier believes his probation conditions are inappropriate, he should take appropriate steps in the state court to modify his probation conditions. *See id.*; *Verrier v. Perrino*, No. 2:14-cv-744-FtM-29CM, at 4 (M.D. Fla. Nov. 22, 2016).

The Court also recommends Verrier's claims lack merit. With regard to Verrier's challenge to his restricted internet access, the Eleventh Circuit has upheld a probation condition prohibiting a sex offender from using or possessing a computer with internet access because "[w]hile recognizing the value of the internet for

legitimate purposes, we were also cognizant of the dangers to the public when sex offenders are on-line." *United States v. Taylor*, 338 F.3d 1280, 1285 (11th Cir. 2003) (citation omitted); *United States v. Zinn*, 321 F.3d 1084, 1092-93 (11th Cir. 2003).

Furthermore, Verrier's retaliation claim against Reno is based on Reno's monitoring of Verrier's compliance with his probation conditions. Doc. 1 ¶¶ 69-72. It is Reno's duty to supervise Verrier's compliance, because, as the Supreme Court observed,

> This presence of an offender in the community creates the need for special supervision. . . . [A] probation agent must have latitude in observing a probationer if the agent is to carry out his supervisory responsibilities effectively. . . . Supervision also provides a crucial means of advancing rehabilitation by allowing a probation agent to intervene at the first sign of trouble. One important aspect of supervision is the monitoring of a probationer's compliance with the conditions of his probation.

*Griffin v. Wisconsin*, 483 U.S. 868, 882-83 (1987) (Blackmun, J., concurring). Based on the findings above, the Court recommends Verrier does not allege claims upon which relief may be granted. Doc. 1; *see Mitchell*, 112 F.3d at 1490.

Next, Verrier requests this matter to proceed as an independent action. Doc. 8. His request is moot because Verrier filed this case as a new action, and this case is not consolidated with the Companion Case.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff Joseph Verrier's Affidavit of Indigency (Doc. 2), construed as a Motion to Proceed *In Forma Pauperis*, be **DENIED**;

2. This action be **dismissed without prejudice**; and

3. Plaintiff Joseph Verrier's Motion to Proceed as an Independent Case ([Doc. 8](#)) be **DENIED as moot**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of November, 2017.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties